# Stallworth, *et al.* *v.* Roberts, *et al.*

## *Bill to Quiet Title.*

(Decided Feb. 10, 1910.—51 South. 759.)

*Quieting Title; Deeds; Uncertainty of Description; Constructive Possessions.*—A deed which conveys a mill site, together with all other tracts heretofore purchased or entered by the grantors therein for the use of the mills, or forming part of the mill land to which the grantor claims title, lying in specified township, and also all other tracts heretofore purchased or entered by the grantor, and to which now he claims title as a part of said mill lands and tract lying in said township, in all, supposed to contain 12.000 acres, more or less, for a more particular description of which the deeds, land office certificates, patents and maps delivered by the grantee herewith are referred to, in the absence of the deed, maps or plats which identify the lands, was too indefinite and uncertain to show a constructive possession by the grantee sufficient to support a bill to quiet title thereto.

APPEAL from Mobile Chancery Court.

Heard before Hon. S. P. GAILLARD, Special Chancellor.

[Stallworth, et al. v. Roberts, et al.]

Bill to quiet title by Garland G. Stallworth and others against Richard Roberts and others. Complainants demanded a jury trial, and certain questions were certified to the circuit court, and a verdict rendered thereon. From a final decree dismissing the bill as to certain parties, but decreeing that they had no title in accordance with the issues found by the jury, complainants appeal. Affirmed.

GREGORY L. & H. T. SMITH, for appellant.—Under section 812, Code 1896, the chancery court can order a new trial of the issues formerly submitted to the jury, and its action in refusing to do so may be reviewed on appeal.—*McCutchens v. Loggins*, 109 Ala. 457; *Matthews v. Furnace*, 91 Ala. 159. A decree in chancery may be affirmed in part and reversed in part.—*Jeter v. Jeter*, 36 Ala. 409; *Patterson v. Blakeny*, 33 Ala. 338; *A. G. S. v. McAlpine*, 80 Ala. 75; *Jones v. Dial*, cite.—32 Conn. 1, 26 N. H. 117; 25 N. C. 459; 46 Ill. App. 403; 43 Miss. 189; 15 S. W. 259; 1 N. J. L. 182. It was competent for the complainant to identify the lands conveyed by parol testimony.—*Baucum v. George*, 65 Ala. 259; *Clements v. Pearce*, 63 Ala. 284; *Driggars v. Cassidy*, 71 Ala. 529; *Edwards v. Bender*, 121 Ala. 81. Counsel discuss the rulings of the court on the evidence and in refusing certain charges and in giving certain other charges, but without citation of authority. They insist that the court erred as to charges relative to effect of boxing the trees for turpentine purposes.—*Nordan v. The State*, 143 Ala. 13.

McINTOSH & RICH, for appellee.—Counsel insist that the kind of possession here shown is not sufficient to show a peaceable possession as distinguished from dis-

puted possession.—*Randall v. Daughdrill,* 142 Ala. 490; *Lyons v. Arndt,* 142 Ala. 488; *Ladd v. Powell,* 144 Ala. 408. The court properly ruled out the deed as being too indefinite and uncertain even when taken in connection with the parol testimony.—*Hughes v. Wilkinson,* 35 Ala. 453; *Webb v. Elyton L. Co.,* 105 Ala. 471; *DeJarnette v. McDaniel,* 93 Ala. 215; *Clements v. Pearce,* 63 Ala. 284. Having let the deeds, maps and plats be lost without first making use of them to identify the lands, complainants cannot now resort to other uncertain means of making these descriptions certain.—*Saltenstall v. Riley,* 20 Ala. 169; *Kennedy S. Co. v. Schloss Co.,* 137 Ala. 408.

MAYIFIELD, J.—Appellants filed their bill of complaint against the appellees to quiet title (under section 809 et seq. of the Code of 1896) to several thousand acres of wild timber lands, describing same by government numbers. The lands do not form one complete body, but lie in perhaps as many different sections, some portions thereof being 7 or 8 miles from others, and in different townships and ranges. The complainants each claimed different parcels of land, and the respondents claimed title to, and possession of, separate and distinct parcels, and all denied the title and possession of complainants. The bill was repeatedly amended, by change of parties and otherwise, and the various defendants answered, some separately, and some jointly, and demurred, and made their answers cross-bills, etc.—all of which pleadings it is unnecessary to notice or consider fully.

The complainants (appellants here) demanded a jury trial upon several issues specified, as is provided by section 812 of the Code of 1896, now section 5446 of the Code of 1907. This section is as follows. "812. Jury

[Stallworth, et al. v. Roberts, et al.]

Trial on Demand; Decree.—Upon the application of either party, a trial by jury shall be directed to determine the issues, or any specified issue, of fact presented by the pleadings; and the court is bound by the result, but may, for sufficient reasons, order a new trial thereof; and when such trial is not requested, or as to the facts for which the same is not requested, the court shall consider and determine such title, claim, interest or incumbrance, and shall, upon the finding of the jury, or upon such consideration and determination, finally adjudge and decree whether the defendant has any right, title, or interest in, or incumbrance upon such lands, or any part thereof, and what such right, title, interest or incumbrance is, and in or upon what part of the lands the same exists; and such decree is binding and conclusive upon all the parties to the suit."

The complainants' demand was as follows: "Now come the complainants in the above-entitled cause, and respectfully demand a trial by jury of the following issues between the complainants and the defendants O. H. Brown, Henry Brannan, and Thomas Brannan, re- respectively; that is to say (1) Complainants demand trial by jury upon the issue of the possession of the complainants of the property involved in the litigation between the respective parties at the time of the filing of the original bill of complaint. (2) Complainants demand trial by jury upon the issue of the possession of the respective defendants of the land claimed by them at the time of the filing of the respective cross-bills. (3) Complainants demand a trial by jury upon the issue as to whether or not the said respective defendants owned the interests in the lands claimed by them in their answer. (4) Complainants demand trial by jury upon the issue with the respective defendants as to the complainants' title to the lands in question. And the com-

plainants now move the special chancellor for an order in said cause by which the said issues may be certified to the circuit court of Mobile county."

These questions were certified to the circuit court, and a jury trial was there had as to such issues, with the following verdict thereon: "We the jury find the complainants were not in the peaceable possession of the lands described in the bill when it was filed. We further find that each of the respective defendants were not in the peaceable possession of the lands described in their respective cross-bills at the time the same were filed. We further find that the respective respondents do not own the interest in the lands claimed by them in their respective answer. We further find that the complainants do not own the lands described in the bill."

The complainants in the circuit court moved the court to try the issues separately between the complainants and each of the defendants, as to that part of the land claimed by the respective defendants. The court overruled the motion, and tried all of the issues at the same time, but the verdict of the jury was separate and distinct upon each issue as to each defendant; and the judgment of the circuit court thus determined each issue separately from the other issues.

The appellants reserved a bill of exceptions to the proceedings in the circuit court, and made it a part of their motion in the chancery court to set aside the verdict and finding of the jury, in so far as it was found that complainants had no title, and were not in possession of the lands. The court declined to set aside the verdict and resubmit the issue to a jury, and the cause was set down for a final hearing on the pleadings and proof; and the chancellor decreed that certain parts of the lands belonged to complainants, and that certain of the defendants as to whom decrees pro confesso had

been rendered, and probably others, had no title or claim to certain portions of the land; but held that as to that part of the lands claimed by these appellees, and as to which the title was contested, the complainants (appellants) have had no title or possession sufficient to support the bill; dismissing the bill as against these appellees, though decreeing that they had no title or claim in accordance with the issues found by the jury. From that final decree this appeal is prosecuted.

Various errors are assigned as to the trial in the circuit court, and as to the chancellor's declining to set aside the verdict and finding of the jury, in so far as it found that complainants had no title or possession sufficient to maintain the bill, and to the decree of the chancellor in so far as it dismissed the bill as to these appellants, but did not seek to set aside the verdict or finding in so far as it found that respondents had no title or possession; that is, complainants contended in the court below, and here contend, that the findings of the jury, in so far as they were against complainants, should be set aside, but that in so far as they were against respondents they should stand, and be binding on the chancery court. This contention is based upon the fact that complainants reserved and took a bill of exceptions to the trial in the circuit court, and had it certified back to the chancery court and made it a part of their motion for a new trial, and that respondents did not, and that for this reason the rulings or findings against respondents in the circuit court could not be reviewed in the chancery court or in this court. It is unnecessary for us to pass upon this question as to whether the verdict of the jury and the judgment of the circuit court thereon can be set aside in part and enforced in part by the chancery court, or by this court on this appeal, for the reason that the decree of the chancellor must be affirmed upon other grounds.

It is likewise unnecessary for us to decide whether the decree or action of the chancellor, in denying the motion of the parties to set aside the verdict of the jury and the judgment of the circuit court and to award a new trial or venire de novo, can be reviewed on appeal; for the reason that we have reached the conclusion that, so far as the rights of the appellants are concerned, the verdict of the jury, the judgment of the circuit court, and the decree of the chancery court were in all things correct, and the only proper verdicts, judgments, and decrees which could have been rendered under the issues and the proof, and that if there were any errors they were without injury to appellants.

With all the evidence in that was offered in the circuit or the chancery court, it neither showed nor tended to show such title to any part of the lands as would support complainants' bill under the statutes under which the bill was filed. No actual possession, as distinguished from constructive possession, was shown, on the part of appellants (the complainants in the court below) to any part of the lands in question, at the time of the filing of the bill; nor did they show any title to any part of the land in question, which could draw to it the constructive possession necessary to support the bill. Actual possession, as distinguished from constructive possession, was disclaimed and disproved, and it is not here insisted upon. The sole title and constructive possession of complainants depended upon the following facts:

The complainants offered in evidence a copy of a deed as follows:

### Exhibit D.

"This indenture, made the twenty-sixth day of March, A. D. 1866, between Garland Goode and Frances E. Goode, his wife of the first part, B. F. Stallworth, Cal-

vin E. Dees, and Philip Goode of the second part, witnesseth that the said parties of the first part for and in consideration of twenty thousand dollars lawful money of the United States of America, to them in hand paid by the said parties of the second part at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, and the said parties of the second part, their heirs, executors and administrators, forever released and discharged from the same, by these presents have granted, bargained, sold, aliened, remised, released, enfeoffed, conveyed and affirmed, and by these presents do grant, bargain sell, alien, remise, release, enfeoff, convey and confirm, to the parties of the second part, their heirs and assigns forever, all that tract or parcel of land now owned by the said Garland Goode in section thirty-six, township six South of range five West, being the site in which the said Garland Goode heretofore erected and carried on a sawmill in Jackson county in the state of Mississippi. Together with all other tracts or parcels of land heretofore purchased or entered by said Garland Goode for the use of said mills or making part of the said mill lands, and to which the said Garland Goode claims title at this time lying in townships five, six, and seven in said Jackson county. Also all other tracts or parcels of land heretofore purchased or entered by the said Garland Goode to which he now claims title as a part of said mill lands lying in townships four, five and six in Mobile county, Alabama, the whole of the land hereby conveyed supposed to contain twelve thousand acres, more or less, for a more particular and accurate description whereof reference is here made to the deeds, land office certificates, patents and maps of the same which are herewith delivered by the said Garland Goode to the parties of the second part. Together with all

and singular the tenements, hereditaments, rights, member privileges and appurtenances unto the above mentioned and described premises belonging or in any wise appertaining. To have and to hold the above granted and described premises with the appurtenances unto the said parties of the second part, their heirs and assigns, to the sole and proper use, benefit and behoof of the said parties of the second part, their heirs and assigns, forever. And the said parties of the first part for themselves and their heirs, the above described and hereby granted and released premises, and every part and parcel thereof, with the hereditaments and appurtenances unto the said parties of the second part, their heirs and assigns, against the said parties of the first part and their heirs, and against all and every person and persons whomsoever lawfully claiming or to claim the same, shall and will warrant and by these presents, forever defend. In witness whereof the said parties of the first part have hereunto set their hands and seals the day and year first above written. Interlining on 2d page before execution. Garland Goode. (Seal.) Attest: C. R. Labuzan. D. C. Anderson.

"The State of Alabama, Mobile County. I, Joseph Seawell, a justice of the peace in and for said county, hereby certify that Garland Goode, whose name are signed to the foregoing conveyance and who are known to me, acknowledged before me on this day that being informed of the contents of the conveyance they executed the same voluntarily on the day the same bears date 'and —— Goode, his wife,' were stricken out before acknowledgement. Given under my hand the twenty-sixth day of March A. D. 1866. J. Seawell, Justice of the Peace. M. C.

"Received in office for record March 27, 1866. Filed in office March 2, 1907. S. H. Smith, Clerk.

"Filed March 6, 1907. Carl Holzborn, Register."

The evidence also tended to show that the grantor once owned the lands described in the bill, and that a part or all of such lands could have been used in connection with the sawmill, and other lands of the grantor, situated in the state of Mississippi, though they were several miles distant from the sawmill, and did not form a continuous body with the mill lands or the lands of the grantor situated in Mississippi, but, instead, were in a great number of different bodies and separated from one another by other bodies—some bodies being seven or eight miles from others; that the lands lie near two or three creeks or streams which flowed to the mill of the grantor, and that logs could be, and were, floated down these streams to this mill. This was the most that the evidence could be said to show to support complainants' title to the land in question.

Had the deed in question attempted to convey all the lands owned by the grantor in these particular townships, or all that were suitable for, or could be used in connection with, his sawmill, it may be that the evidence would have tended to show title in complainants to the lands in question, or to some parts thereof; but the deed did not purport to convey all the land owned by the grantor in these townships, or all that could be used in connection with the sawmill of the grantor. The deed only purported to convey "all those tracts or parcels of lands" theretofore "purchased" or "entered" by the grantor, and to which he then "claimed title as a part of said mill lands and tract," containing 12,000 acres, more or less; specifying that for "a more particular and accurate description whereof reference is here made to the deeds, land office certificates, patents and maps of the same which are herewith delivered' by the grantor to the grantees.

None of these deeds, certificates, maps, or plats, which identified the lands intended to be conveyed, were

introduced in evidence or accounted for; nor was there any attempt to prove their contents, or that they described the lands in question or any part thereof. They were clearly intended by the parties to describe the lands; nor was it intended to convey any lands not so described by them, or any lands owned by him not so described in the deeds, certificates, maps, or plats referred to and delivered to the grantees.

For aught that appears from this record, none of the land described in the bill of complaint was described in the documents referred to, though they were once owned by the grantor, and were suitable to be used in connection with his sawmill located in Mississippi. If it could be said that any of the lands described in the bill were described in the deed or documents delineating the lands conveyed, there was no evidence from which the jury, the circuit court, the chancery court, or this court could know what part was so described or conveyed. It is certain that the deed of the grantor was not intended to convey all the lands he then owned, or ever owned, in those townships referred to; but only those lands described in the documents referred to, which were not produced, accounted for, or proven. Nor was there any evidence to show that he owned no other lands than those described in the bill or in the documents referred to, or that they described the same lands. From this condition of matters, it is clear that complainants had failed to prove the averments of their bill, or the issues in their favor submitted to the jury, which was necessary to support a decree in their favor as to these lands.

It is unnecessary to pass upon the correctness of the rulings of the circuit court in admitting or excluding evidence, or as to the charges or instructions or any other matters complained of; for, if all these rulings

[Hamby, et al. v. Hamby, et al.]

had been in favor of complainants, still no verdict or judgment of the circuit court could have been correctly rendered except the one that was rendered.

We are of the opinion that there were no reversible errors in either the circuit court or the chancery court. The courts properly rendered the only judgment and decree that should have been rendered under the pleadings and proof as submitted—certainly so, in so far as complainants (appellants) were concerned.

The decree of the chancery court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.